```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHNNY TYSON, JR., ET AL      *          CIVIL ACTION

VERSUS                        *          NO: 06-10764

TAMMANY HOLDING CORPORATION,  *          SECTION: "D"(4)
ET AL
```

**ORDER AND REASONS**

Before the court is the **"Motion for Summary Judgment"** filed by Defendant, Komatsu America Corporation.  Plaintiff, Johnny Tyson, Jr., filed a memorandum in opposition.  The motion, set for hearing on Wednesday, March 28, 2007, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

**I.  Background**

In this matter, Plaintiff, individually and as administrator of the succession of Clifford J. Tyson, initially filed suit in state court, alleging that his father (Clifford J. Tyson) was injured and ultimately died as a result of an accident that occurred on or about February 28, 2005, when Clifford J. Tyson was

operating a bulldozer that tipped over and fell into a 12 foot pit, ejecting Clifford J. Tyson.  (Petition at ¶¶ VI, VIII, IX and X). Plaintiff alleges that the subject bulldozer was a Komatsu Model No. D41-6 owned by Lakeshore Estates Builders and/or Tammany Holding Company, and manufactured by Komatsu America Corporation. (*Id*. at ¶ VII).  Plaintiff names as Defendants: Lakeshore Estates Builders; Tammany Holding Company; and Komatsu America Corporation (Komatsu).

As to Komatsu, Plaintiff alleges that the subject bulldozer was "unreasonably dangerous" and that Komatsu failed to warn purchasers and potential users of the bulldozer's dangerous condition; Komatsu failed to provide adequate instructions for using the bulldozer; Komatsu failed to provide adequate and effective safety devices; and Komatsu failed to recall the bulldozer.  (*Id*. at XI).

Plaintiff's suit was filed in state court on March 15, 2006. According to Komatsu, while the suit was pending in state court, Plaintiff settled his claims with Tammany Holding Corporation, and on November 27, 2006, the state court signed an order dismissing Tammany Holding Corporation with prejudice.  (*See* state court's Order of Dismissal, included in Komatsu's Statement Filed Pursuant to 28 U.S.C. §1447(b), Doc. No. 13-6, pp. 12-13).  Komatsu avers that it first received a copy of the dismissal order on December 5,

2006.  (*See* Komatsu's Notice of Removal at ¶ VII).

On December 5, 2006, Defendant Komatsu removed the suit to this court based on diversity jurisdiction (between Plaintiff and Komatsu), and alleging that Plaintiff improperly or fraudulently joined in-state Defendant, Lakeshore Estates Builders, Inc. (*Id*. at VI).  Komatsu asserts that Lakeshore Estates Builders, Inc. was the employer of Clifford J. Tyson, and absent evidence that Lakeshore Estates Builders, Inc. "committed an 'intentional tort' that caused or contributed to the death of Clifford J. Tyson, Lakeshore Estates Builders is immune to tort liability under Louisiana law, specifically, under the Louisiana Workers' Compensation Act, La. Rev. Stat. 23:1032."  (*Id*. at VI).

Plaintiff did not seek to remand the matter, and thus Plaintiff has apparently acquiesced in Komatsu's assertion that Plaintiff improperly or fraudulently joined Lakeshore Estates Builders, Inc., the employer of Clifford J. Tyson.  Now, Komatsu moves for summary judgment.

## I. Legal Analysis

At the outset, the court finds that, based on the record as it now stands, Plaintiff improperly joined Lakeshore Estates Builders, Inc., the employer of Clifford J. Tyson, as a Defendant in this matter.  Thus, the only viable Defendant is Komatsu.

Because Plaintiff alleges that Komatsu manufactured the

3

subject bulldozer, the Louisiana Products Liability Act (LPLA), LSA-R.S. 9:2800.51 *et seq.*, governs his claims against Komatsu as the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." LPLA, LSA-R.S. 9:2800.52.

To maintain a successful products liability action under the LPLA, a plaintiff must establish the following four elements:

(1) that the defendant is a manufacturer of the product;

(2) that the claimant's damage was proximately caused by a characteristic of the product;

(3) that this characteristic made the product "unreasonably dangerous"; and

(4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

LSA-R.S. 9:2800.54(A); *Stahl v. Novartis Pharmaceutical Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002).

A product is "unreasonably dangerous" under the LPLA if the product meets at least one of the following criteria:

(1) the product is unreasonably dangerous in construction or composition as provided in LSA-R.S. 9:2800.55;

>
> (2) the product is unreasonably dangerous in design as provided in LSA-R.S. 9:2800.56;
>
> (3) the product is unreasonably dangerous because an adequate warning about the product has not been provided as set forth in LSA-R.S. 9:2800.57; and
>
> (4) the product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in LSA-R.S. 9:2800.58.

LPLA, LSA-R.S. 9:2800.54(B); *Stahl*, 283 F.3d at 261.

Komatsu argues that it is entitled to summary judgment because Plaintiff has no evidence to sustain his allegation that the subject bulldozer was "unreasonably dangerous". While the matter was pending in state court, Komatsu propounded interrogatories to Plaintiff and Plaintiff responded. (*See* Komatsu's Exhibit 3). Komatsu's Interrogatory No. 10 and Plaintiff's response to that interrogatory state as follows:

> **INTERROGATORY No. 10:**
>
> Your petition alleges that the machine was "unreasonably dangerous and not fit for its intended use." Please state the theory under which you make that claim (i.e., was the machine unreasonably dangerous in manufacture, unreasonably dangerous in design, unreasonably dangerous for lack of adequate warnings, or unreasonably dangerous for failure to conform to express warranty?). Also, other than the

5

>   fact of the accident itself, please state each
>   and every fact upon which you base that claim.
>
>   *ANSWER No. 10:*
>
>   *Plaintiff maintains that:*
>
>   a.  *the machine was unreasonably dangerous;*
>
>   b.  *the machine was unreasonably dangerous in design;*
>
>   c.  *the machine was unreasonably dangerous for lack of adequate warnings;*
>
>   d.  *the machine was unreasonably dangerous in failure to conform to express warranty.*

(*See* Komatsu's Ex. 3, Interrogatory No. 10 & Plaintiff's corresponding answer).

Further, in answer to other interrogatories seeking information to flush out about Plaintiff's allegations against Komatsu, Plaintiff answers "information unavailable at this time." (*See* Komatsu's Ex. 3, Interrogatory Nos. 11-14 & Plaintiff's corresponding answers).  Plaintiff does not even know details of the alleged accident. (*See* Komatsu's Ex. 3, Interrogatory Nos. 5-6 & Plaintiff's corresponding answers).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim. Here, Komatsu has met that burden by showing that the record contains no support for the Plaintiff's claim that the subject bulldozer was "unreasonably dangerous" within the meaning of the LPLA. And, *now more than two years after the subject accident and more than one year after this suit was filed*, Plaintiff can point to nothing in the record supporting that essential element of his claim. In his opposition memorandum, Plaintiff argues that there are factual issues in dispute, but he utterly fails to create any factual issue with competent summary judgment evidence.

Thus, Komatsu is entitled to summary judgment because "Rule 56(c) mandates the entry of judgment, after adequate time or discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *quoted in Stahl*, 283 F.3d at 263. In this situation, there is no genuine issue of

material fact, since there has been a "complete failure of proof concerning an essential element of [Plaintiff's] case." *Celotex*, 477 U.S. at 323, *quoted in Stahl*, 283 F.3d at 263.

Accordingly;

**IT IS ORDERED** that Defendant, Lakeshore Estates Builders, Inc., be and is hereby **DISMISSED** from this matter as improperly or fraudulently joined; and

**IT IS ORDERED** that the **"Motion for Summary Judgment"** filed by Defendant, Komatsu America Corporation, be and is hereby **GRANTED**, dismissing Plaintiff's claims against Komatsu America Corporation, with prejudice.

New Orleans, Louisiana, this **27th** day of **March**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE